IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

Jimmy Salters,

                Petitioner,

v.

Warden Terri Wallace,

                Respondent.

C/A No. 5:26-cv-170-SAL

**ORDER**

Petitioner Jimmy Salters ("Petitioner"), a state prisoner proceeding *pro se*, filed this action pursuant to 28 U.S.C. § 2241, challenging the validity of his conviction and sentence. [ECF No. 1.] This matter is before the court on the Report and Recommendation (the "Report") of Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The magistrate judge construed the petition as one under 28 U.S.C. § 2254 and recommends dismissing the petition without prejudice and without requiring Respondent to file a return. [ECF No. 11.] The Report explains that Petitioner has failed to exhaust his state court remedies as he has a pending direct appeal. *Id.*

Attached to the Report was a notice advising Petitioner of the procedures and requirements for filing objections to the Report and warning of the serious consequences if he failed to do so. *Id.* at 5. Petitioner objects to the recommended dismissal of his case. [ECF No. 14.] But for the reasons that follow, the court agrees with the magistrate judge that this case should be dismissed without prejudice.

1

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.*

Because Petitioner is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

**DISCUSSION**

Although Petitioner filed this action as a § 2241 petition, the magistrate judge correctly construed it as a petition under § 2254 as Petitioner seeks to challenge his state convictions and sentences. *See* ECF No. 11. The magistrate judge recommends summary dismissal of this case as Petitioner admits he has not exhausted his state court remedies. *See id.* Under § 2254, exhaustion is required before federal habeas relief is available. *See* 28 U.S.C. § 2254(b)(1).[1] The court agrees with the Report—this petition is premature and must be summarily dismissed.

Petitioner objects to the magistrate judge's construction of the petition under § 2254. *See* ECF No. 14 at 1–2. But the proper mechanism for a state prisoner to challenge his conviction and sentence is through § 2254, not § 2241. *See In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Section 2241 is reserved for challenges to the execution or manner of sentence, not its validity. *See Fontanez v. O'Brien*, 807 F.3d 84, 86 (4th Cir. 2015). The magistrate judge correctly construed the petition under § 2254. Petitioner's objection is overruled.

As to exhaustion, Petitioner argues the court should not dismiss his case. He notes that federal intervention may be warranted where a direct appeal remains pending without progress. *See* ECF No. 14 at 3–4. But Petitioner's own pleadings establish that is not the case here. Petitioner was convicted in September 2025, and he filed his appeal in state court in October 2025. *See* ECF No. 1 at 2. When he filed his federal petition in January 2026, Petitioner was awaiting the

---

[1] While exhaustion is not jurisdictional, *see Jenkins v. Fitzberger*, 440 F.2d 1188, 1189 (4th Cir. 1971), it is strictly enforced, *Thomas v. Eagleton*, 693 F. Supp. 2d 522, 538 (D.S.C. 2010), and with good reason. "The purpose of the exhaustion requirement is to 'give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Gordon v. Braxton*, 780 F.3d 196, 200 (4th Cir. 2015) (quoting *Jones v. Sussex I State Prison*, 591 F.3d 707, 712 (4th Cir. 2010)).

preparation of the state trial transcript. *Id.* Therefore, no extraordinary delay justifying federal intervention exists. This objection is overruled.

Petitioner further argues there are structural constitutional violations in his case that render his judgment invalid and excuse exhaustion. *See* ECF No. 14 at 4–5. That argument fails because the validity of his judgment is the very issue to be reviewed on appeal. Until the state courts have concluded that process, his judgment remains valid, and federal review is premature.

Finally, Petitioner argues summary dismissal is inappropriate without requiring an answer and that the case should be stayed under *Rhines v. Weber*, 544 U.S. 269 (2005). Under *Rhines*, a stay may be appropriate when a petition contains both exhausted and unexhausted claims. That circumstance does not exist here. Petitioner has not yet exhausted any claims, nor does this case otherwise present circumstances where stay and abeyance is warranted. *See Rhines*, 544 U.S. at 275–77 ("[Staying a case] undermines [the Antiterrorism and Effective Death Penalty Act's] goal of streamlining federal habeas proceedings by decreasing a petitioner's incentive to exhaust all his claims in state court prior to filing his federal petition."); *see also Bonneau v. LaManna*, 18 Civ. 2228 (CS) (AEK), 2023 WL 5526717, at *6 ("[C]ourts confronted with habeas petitions asserting only unexhausted claims have declined to stay the proceedings to allow petitioners to exhaust their claims in state court so as to avoid turning the federal court into a 'jurisdictional parking lot for unexhausted claims and undermining the comity interests promoted by the exhaustion requirement.'" (quoting *Pantoja v. N.Y. State Div. & Bd. of Parole*, No. 11-cv-9707 (CS) (PED), 2013 WL 866869, at *6 (S.D.N.Y. Jan. 10, 2013))). Petitioner's objections are overruled. The court declines to stay this matter.

**CONCLUSION**

After a thorough review of the Report, the applicable law, and the record of this case, the court **ADOPTS** the Report, ECF No. 11.  For the reasons discussed above and in the Report, the petition is **DISMISSED WITHOUT PREJUDICE** and without requiring Respondent to file a return.

It is further ordered that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[2]

**IT IS SO ORDERED.**

March 30, 2026                                         Sherri A. Lydon
Columbia, South Carolina                      United States District Judge

---

[2] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). The court finds that Petitioner has failed to make "a substantial showing of the denial of a constitutional right."